| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| NICHOLAS ROZANSKY – Bar No. 219855<br>SUSAN K. SEFLIN - Bar No. 213865<br>JESSICA L. BAGDANOV - Bar No. 281020<br>BRUTZKUS GUBNER<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone: (818) 827-9000<br>Facsimile: (818) 827-9099<br>Email: sseflin@bg.law<br> jbagdanov@bg.law<br><br>☐ *Individual(s) appearing without attorney*<br>☒ *Attorney(s) for:* Chapter 11 Debtor Koi Design LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>KOI DESIGN LLC,<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:19-bk-10762-NB<br>CHAPTER: 11 |
|---|---|
| | **CHAPTER 11 STATUS CONFERENCE REPORT (INITIAL)** |
| | Case Status Conference<br>DATE: 03/05/2019<br>TIME: 2:00 pm<br>COURTROOM: 1545 |

## INSTRUCTIONS TO THE DEBTOR(S)

(1) **Keep your answers brief but informative** (use continuation sheets if necessary, numbered to match the items in this report).

(2) **Do not use this form** (a) for later status reports, which should include only short updates, or (b) if the judge presiding over this case requires the use of a different procedure.

(3) You must file and serve this report **at least 14 days before** the status conference listed above. Serve it on the Office of the United States Trustee and on any parties requesting special notice, or as otherwise directed by the court.

(4) Failure to follow these instructions may result in dismissal of this case or other sanctions without further notice.

*Definitions:* "Section" ("§") refers to a section of the Bankruptcy Code, Title 11 of the United States Code (11 U.S.C.); a "Rule" means one of the Federal Rules of Bankruptcy Procedure; "LBR" means the Local Bankruptcy Rules; and other terms have the meanings provided in the Bankruptcy Code, the Rules, and the LBR.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                           Page 1                                           **F 2081-1.1.C11.STATUS.RPT**

| A. OVERVIEW | | | |
|---|---|---|---|
| 1. | **Bankruptcy Petition** | Date filed: | 1/25/2019 |
| 2. | **Background and Exit Strategy (discuss all below)**<br>a. The Debtor's business/employment;<br>b. principal assets/ liabilities (including possible avoidance actions, environmental liabilities, etc.);<br>c. what caused the bankruptcy;<br>d. exit strategy (for resolving the principal financial and legal issues); and<br>e. progress made toward consensual resolution of any disputed issues.<br><br>*Example:* "the Debtor owns a four-unit apartment building worth approx. $_____, 1st deed of trust approx. $_____, 2nd deed of trust approx. $_____. The Debtor lives in one unit and is employed as building manager. Two tenants stopped paying rent. Debtor plans to complete evictions, obtain paying tenants, and strip off second deed of trust." | Explain:<br>See Continuation Page<br><br><br><br><br><br><br><br><br><br>☒ See attached continuation page(s). | |
| 3. | **Petition Document Compliance**<br>a. Has the Debtor filed *all* bankruptcy schedules, the Statement of Financial Affairs ("SOFA"), and *all* other documents required by 11 U.S.C. § 521, Rule 1007, and LBR 1007-1 (*e.g.,* any tax returns required by 11 U.S.C. § 521(f), with social security numbers, names of minor children, and other sensitive information blacked out per 11 U.S.C. § 107, § 112, or Rule 9018?); and<br>b. has the Debtor complied with *all* applicable guidelines established by the U.S. Trustee?<br>☐ Yes | ☒ No (explain):<br>a. The Debtor has not filed its schedules and SOFA. The Debtor has an extension until February 22, 2019 to file its schedules and SOFA [See, Order Granting Motion for Entry of Order Extending Time to File Schedule of Assets and Liabilities and Statement of Financial Affiars.<br>b. The Debtor has filed its 7 day package with the UST. The Debtor has an extension until March 1, 2019 to file its January Monthly Operating Report.<br>☐ See attached continuation page(s). | |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 2    **F 2081-1.1.C11.STATUS.RPT**

Continuation Page

**A. Overview**

    **2. Background and Exit Strategy:**

        **a.      The Debtor's business / employment:**

The Debtor manufactures and sells clothes, which sales are concentrated in the high fashion "work clothes" of the garment business.  The Debtor primarily manufactures and sells "scrubs" for professionals employed in the medical industry.  The Debtor's products are available through on-line sales and from various retail business operations such as Amazon, Uniform Advantage, and Scrubs & Beyond.  The Debtor is one of the only independently owned and woman-run companies in this industry.  The Debtor employs approximately 45 employees, plus ten (10) sub-contractors.  In addition, the Debtor employees approximately 20 warehouse employees who are directly compensated through various staffing agencies.

        **b.      Principal assets / liabilities (including possible avoidance actions, etc.)**

The Debtor's principal assets are: (i) its accounts receivable (approximately $3 million as of the petition date); (ii) its inventory (approximately $7 million as of the petition date).  The Debtor's primary liabilities are: (i) its secured debt owed to Wells Fargo (approximately $2.8 million as of the petition date); (ii) a $5.2 million judgment (the "Default Judgment") obtained Strategic Partners, Inc. ("SPI") and related lien; and (iii) approximately $6.5 million of general unsecured debt.  The Debtor is in the process of attempting to vacate the Default Judgment, and the Debtor intends on seeking to avoid the lien obtained by SPI during the preference period.

        **c.      What caused the bankruptcy?**

As explained more fully in other pleadings filed with this Court, the Debtor submits that the Default Judgment was entered against it as a direct result of numerous gross error and intentional misconduct of the Debtor's former counsel.  On or about December 20, 2018, the Debtor's pre-petition secured lender, Wells Fargo, ceased making advances to it under a pre-petition credit facility due to a judgment lien obtained by SPI in connection with the Default Judgment.  While the Debtor was in the process of attempting to vacate the Default Judgment, the Debtor ran out of operating funds and was forced to commence this case while it seeks to vacate (and/or appeal) the Default Judgment.

        **d.      Exit strategy (for resolving the principal financial and legal issues.**

The Debtor expeditiously sought (and obtained) relief from the automatic stay from this Court in order to pursue its motion to vacate the Default Judgment.  If the Default Judgment is vacated or otherwise overturned, the Debtor's strategy for resolving this bankruptcy case will change.  Therefore, it is difficult for the Debtor to provide an accurate exit strategy at this time.  If the motion to vacate the Default Judgment is granted, then the Debtor will move forthwith to file and confirm its plan of reorganization.

        **e.      Progress made toward consensual resolution of any disputed issues.**

The Debtor has recently reached a consensual agreement with its pre-petition secured lender Wells Fargo regarding debtor in possession financing.  The Debtor has conveyed to counsel for SPI that it would be willing to enter into settlement discussions (and pre-petition the Debtor made a settlement offer to SPI that was not responded to).  The Debtor does not know if SPI is willing to discuss a consensual resolution of

| | | |
|---|---|---|
| **B. COMMON "FIRST DAY" MATTERS** | | |
| 1. | **Cash Collateral Use (11 U.S.C. § 363(c))**<br>a. Did the Debtor file a stipulation/motion for use of cash collateral (*see* local form F 2081-2.1.MOTION.CASH.COLLATERAL) with local form F 4001-2.STMT.FINANCE?<br>☒ **Yes**<br>b. Did the court approve the requested use of cash collateral?<br>☒ **Yes** (see Order at docket no. _29_ ).<br><br>☐ **No**, there is no cash that any entity can claim as its cash collateral. | ☐ No, other reason (*explain*):<br><br><br><br><br><br>☐ See attached continuation page(s). |
| 2. | **Budget motion**<br>Has the Debtor filed a budget motion? *See* Local Form F 2081-2.2.MOTION.BUDGET.<br>☐ **Yes**<br>☐ **No, not required by the presiding judge's procedures** | ☒ No, other reason (*explain*):<br><br><br><br>☐ See attached continuation page(s). |
| 3. | **Insider compensation and transfers**<br>Has the Debtor paid any compensation or made any other transfers after this case was filed to or for the benefit of:<br>(1) Any insider,<br>(2) Any owner, partner, officer, director or shareholder of the Debtor, or<br>(3) Any relative of an insider (as defined in 11 U.S.C. § 101(31))<br>except as permitted per LBR 2014-1 and Form USTLA-12?<br>☒ **No** | ☐ Yes (*explain*):<br>The Debtor served its notices of insider compensation on February 5, 2019. The Debtor has not received any objections. The fifteenth day after service of the notice is February 20, 2019.<br><br>☐ See attached continuation page(s). |
| 4. | **Automatic stay (11 U.S.C. § 362(c)(3)&(4))**<br>Is the Debtor an individual who has had one or more bankruptcy cases dismissed within 1 year before this case was filed?<br>☒ **No**; or<br>☐ **Yes**, and, for one qualifying dismissal, the Debtor will have *"completed" a hearing* to continue the automatic stay within *30 days* after this case was filed under § 362(c)(3); or<br>☐ **Yes**, and, for two or more qualifying dismissals, the Debtor will have filed a motion to impose the stay within 30 days after this case was filed, under § 362(c)(4). *See* LBR 4001-2(e), and Local Form F 4001-1.IMPOSE.STAY.MOTION. | ☐ Other (*explain*):<br><br><br><br><br><br><br><br>☐ See attached continuation page(s). |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                   Page 3                                   F 2081-1.1.C11.STATUS.RPT

| **B. COMMON "FIRST DAY" MATTERS** | |
|---|---|
| 5. **Utilities (11 U.S.C. § 366)** (*see* Local Form F 2081-2.4.MOTION.UTILITIES)<br>Was a utility motion:<br>(1) *Filed* within 20 days after this case was filed and<br>(2) *Set for hearing* within 30 days after this case was filed?<br>☐ Yes<br>☒ **No**, the Debtor has determined that no utility motion is needed | ☐ No, other reason (*explain*):<br><br><br><br><br>☐ See attached continuation page(s). |

| **C. LIEN AVOIDANCE** ☐ Check here and <u>skip this section</u> if the Debtor does NOT contemplate any lien avoidance. | |
|---|---|
| 1. **"Lien Stripping"**<br>Does the Debtor intend to avoid any unsecured or under-secured liens under 11 U.S.C. § 506 (including motions per *In re Lam,* 211 B.R. 36 (9th Cir. BAP 1997)("*Lam* motions"))?<br>☐ No | ☐ Yes (*explain*):<br><br><br><br>☐ See attached continuation page(s). |
| 2. **Judicial Liens** (see Local Form F 4003-2.1.AVOID.LIEN.RP.MOTION and 4003-2.2.AVOID.LIEN.PP.MOTION)<br>Does the Debtor intend to avoid any *judicial* liens under 11 U.S.C. § 522(f)?<br>☐ No | ☐ Yes (*explain*):<br>The Debtor does not intend to avoid any lien pursuant to 11 U.S.C. § 522(f) but does intend to avoid the lien of Strategic Partners, Inc.<br><br>☐ See attached continuation page(s). |

**D. PROFESSIONALS** (see Local Forms F 2014-1.STMT.DISTINTEREST.PROF (statement of disinterestedness), F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL, and F 2081-2.5.MOTION.EMPLOY.OTHER)

| *Professional's Name* | *Employment App. Filed* | *Employment Approved* | *Type of Employment* |
|---|---|---|---|
| Brutzkus Gubner | February 15, 2019 | Pending | 11 U.S.C. § 327(a) General Bankruptcy Counsel |
| Broadway Advisors | To be filed. | N/A | 11 U.S.C. § 327(a) financial advisor |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016    Page 4    F 2081-1.1.C11.STATUS.RPT

| D. PROFESSIONALS (see Local Forms F 2014-1.STMT.DISTINTEREST.PROF (statement of disinterestedness), F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL, and F 2081-2.5.MOTION.EMPLOY.OTHER) | | | |
|---|---|---|---|
| *Professional's Name* | *Employment App. Filed* | *Employment Approved* | *Type of Employment* |
| Cohn Handler Sturm | To be filed | N/A | 11 U.S.C. §§ 327(a) and 328(a) (pre-petition accountant) |
| ☐ See attached continuation page(s) | | | |
| EXAMPLES:<br>John Doe, Esq. | 1/1/2050 | 1/7/2050 | 11 U.S.C § 327(a) general bankruptcy counsel |
| Jane Roe et al., LLP | 1/4/2050 to UST, app. to be filed | | 11 U.S.C. §§ 327(e) & 328(a) (special counsel, contingent fee, contract dispute) |
| Richard Poe, Accountant | 1/3/2050 | Pending | 11 U.S.C. § 327(a) (accountant) |

| E. PROPOSED DEADLINES / PROCEDURES | |
|---|---|
| 1. **Proofs of claim filing deadline**<br>The court will address the deadline to serve a bar date notice at the status conference. | Proposed claims filing bar date: 05/17/19 |
| 2. **Plan of reorganization (or liquidation)**<br>The court will address plan-related procedures at the status conference. Debtor should be prepared to discuss time estimates for filing a proposed plan and disclosure statement. | Proposed deadline to file a proposed plan and disclosure statement: 08/02/19 |
| 3. **Special Plan Procedures**<br>Does the Debtor propose special procedures in connection with any plan or disclosure statement, such as a combined hearing on final approval of the disclosure statement and confirmation of the plan (11 U.S.C § 105(d)(2)(B)(vi))?<br>☐ **No** | ☐ Yes (*explain*):<br>The Debtor is contemplating this procedure but will know more after the District Court has ruled on the pending Motion to Vacate Default Judgment.<br><br>☐ See attached continuation page(s). |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 5    **F 2081-1.1.C11.STATUS.RPT**

**NOTE TO THE DEBTOR: YOU MUST ANSWER ALL APPLICABLE QUESTIONS ON THE ATTACHED PAGES**, which deal with very important but less common issues in Chapter 11 cases, such as more "first day" matters, and cases that might be "single asset real estate" cases, or involve "small businesses," or "health care businesses".

Date: 02/19/2019

Respectfully submitted,

/s/ Susan K. Seflin
Signature of: (1) Debtor's Attorney or (2) Debtor(s)

Susan K. Seflin
Printed name

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*     Page 6     F 2081-1.1.C11.STATUS.RPT

# PART II: ADDITIONAL QUESTIONS

**INSTRUCTIONS:** The following matters may not apply in every case, but are very important if they apply to your case. **You must complete every section.**

---

**A. LEASES AND CONTRACTS** ☐ Check here and <u>skip this section</u> if the Debtor is NOT a party to any unexpired leases or unexpired ("executory") contracts (*e.g.,* if the Debtor is a landlord or a tenant).

**NOTE:** *This Status Report is a statement of the Debtor's present intention. It is <u>not</u> equivalent to a motion (if one is required).*

---

**1. Lease or contract (*describe*):**

Non-residential real property lease Stanford/Nebraska Properties, Ltd. (for Debtor's headquarters - office / warehouse)

☐ See attached continuation page(s).

**Intention:**
☐ Reject
☒ Assume
☐ Assume and assign (per 11 U.S.C. § 365)
☐ Other (*explain*):

☐ See attached continuation page(s).

---

**2. Lease or contract (*describe*):**

Various equipment leases: (a) equipment lease with MailFinance (postage machine), (b) equipment lease with Wells Fargo Equipment Finance (forklifts), and (c) service/supplies contract with US Bank Equipment Finance (copiers/printers)

☐ See attached continuation page(s).

**Intention:**
☐ Reject
☒ Assume
☐ Assume and assign (per 11 U.S.C. § 365)
☐ Other (*explain*):

☐ See attached continuation page(s).

---

**3. Lease or contract (*describe*):**

The Debtor has various license agreements which the Debtor has not yet determined if they are executory or not. The Debtor does intend on continuing to perform under its license agreements.

☐ See attached continuation page(s).

**Intention:**
☐ Reject
☒ Assume (if applicable)
☐ Assume and assign (per 11 U.S.C. § 365)
☐ Other (*explain*):

☐ See attached continuation page(s).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*     Page 7     **F 2081-1.1.C11.STATUS.RPT**

**B. ADDITIONAL "FIRST DAY" MATTERS**  ☐ **Check here and skip this section** if there are NO "first day" matters (caution: double-check the types of motions listed below and read LBR 2081-1).

| | | |
|---|---|---|
| **1.** | **Immediate Payment of Payroll** Does the Debtor need to pay prepetition payroll/benefits (see Local Form F 2081-2.3.MOTION.PAYROLL)? <br> ☐ **No**, the Debtor does not have employees/qualified independent contractors; or <br> ☐ **No**, the Debtor's workers were paid in full in cash at the time this case was filed. | ☒ Yes (*explain*): <br> The Debtor filed its motion to pay prepetition payroll/benefits [Doc. #3], which was approved on an interim basis [Doc. #28]. <br> ☐ See attached continuation page(s). |
| **2.** | **Debtor-in-Possession (DIP) Financing** Does the Debtor contemplate seeking post-petition financing (11 U.S.C. § 364)? <br> ☐ **No** | ☒ Yes (*explain*): <br> The Debtor expects to file a motion to approve DIP financing with Wells Fargo shortly. <br> ☐ See attached continuation page(s). |
| **3.** | **Bank Accounts and Cash Management** Is the Debtor seeking authority to maintain pre-petition bank accounts, or approval of any other cash management system? <br> ☐ **No** | ☒ Yes (*explain*): <br> The Debtor has filed a motion to maintain prepetition bank accounts [Doc. #6] <br> ☐ See attached continuation page(s). |
| **4.** | **Extension to File Petition Documents** Will the Debtor seek more time to file bankruptcy schedules ("Schedules") or Statement of Financial Affairs ("SOFA")? <br> ☒ **No** (not necessary) | ☐ Yes (*explain*): <br> The Debtor has an extension until February 22, 2019 [Doc. #56] <br> ☐ See attached continuation page(s). |
| **5.** | **Special Noticing procedures** Will the Debtor seek to limit notice (or establish special noticing procedures)? <br> ☒ **No** | ☐ Yes (*explain*): <br><br> ☐ See attached continuation page(s). |
| **6.** | **Customer Deposits** Will the Debtor seek authority to honor customer deposits/obligations? <br> ☐ **No** | ☒ Yes (*explain*): <br> The Debtor may seek authority to honor customer credits (if necessary). <br> ☐ See attached continuation page(s). |
| **7.** | **Reclamation Claims** Will the Debtor seek procedures for handling reclamation claims (including claims under 11 U.S.C. §§ 503(b)(9) & 546(c))? <br> ☐ **No** | ☐ Yes (*explain*): <br> Most likely not. The Debtor has received one reclamation claim so far. <br> ☐ See attached continuation page(s). |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016 — Page 8 — F 2081-1.1.C11.STATUS.RPT

| | |
|---|---|
| 8. **Omnibus Hearings**<br>Will the Debtor seek regularly scheduled omnibus hearing dates?<br><br>☒ No | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| 9. **Immediate Payment of Taxes**<br>Will the Debtor seek authority to pay taxes incurred before this case was filed?<br><br>☒ No | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| 10. **Sale Procedures**<br>Does the Debtor contemplate selling assets out of the ordinary course of business (*see* LBR 6004-1)?<br><br>☒ No | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| 11. **Employee Incentive/Severance Plans**<br>Will the Debtor seek to use incentive or severance plans for employees?<br><br>☒ No | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| 12. **Joint Case Administration**<br>Will the Debtor seek joint administration of this case with another case?<br><br>☒ **No**, there is no related case. | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| 13. **Claims/Noticing Agent Appointment**<br>Will the Debtor seek appointment of a claims/noticing agent (*see* Local Form **F 5075-1.1**)?<br><br>☒ No | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| 14. **Confidential Information**<br>Will the Debtor seek approval of an information access protocol under 11 U.S.C. § 1102(b)(3), or to file documents under seal (*see* LBR 5003-2(c))?<br><br>☐ No | ☒ Yes (*explain*):<br>The Debtor make see to file certain documents under seal if necessary.<br><br>☐ See attached continuation page(s). |
| 15. **Special Committees**<br>Are special committees needed (*e.g.,* retirees) (11 U.S.C. §§ 1102(a)(2), 1114(d)); or, if this is a small business case, should the court order that no committee be appointed (11 U.S.C. § 1102(d))?<br><br>☒ No | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                      Page 9                                    F 2081-1.1.C11.STATUS.RPT

| | |
|---|---|
| **16. Other First Day Motions**<br>Does the Debtor contemplate any other "first day" motions (whether or not listed in LBR 2081-1) – *e.g.,* a "critical vendor" motion?<br>☒ **No** | ☐ Yes (*explain*):<br><br>☐ See attached continuation page(s). |

**C. CONSUMERS' CONFIDENTIAL INFORMATION** ☐ **Check here and skip this section** if (a) the Debtor does NOT have possession, custody, or control of consumers' confidential information (*e.g.,* "personally identifiable information" per 11 U.S.C. § 101(41A)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| | |
|---|---|
| **1. Privacy Ombudsman Appointment**<br>Should a "consumer privacy ombudsman" be appointed (11 U.S.C. § 332)?<br>☐ **Yes** | ☐ No (*explain*):<br>The Debtor's customers are primarily businesses/corporations.<br>☒ See attached continuation page(s). |
| **2. Costs of Record Maintenance or Destruction**<br>How will the Debtor arrange and pay for the maintenance, transfer, or destruction of consumers' confidential information? | ☐ *Explain*:<br><br>☐ See attached continuation page(s). |

**D. SINGLE ASSET REAL ESTATE ("SARE") CASE** ☒ **Check here and skip this section** if (a) this is NOT a "single asset real estate" case (11 U.S.C. § 101(51B)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| | |
|---|---|
| **1. Interest Payments to Secured Creditor(s)**<br>Has the Debtor commenced paying postpetition interest to secured creditor(s), at the non-default interest rate, on the value of their interest in the real estate?<br>☐ **Yes**<br>☐ **No**, but the Debtor will do so within 90 days after the commencement of this case. | ☐ *Explain*:<br><br><br><br>☐ See attached continuation page(s). |
| **2. Plan Filing**<br>Has the Debtor filed "a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time" within the meaning of 11 U.S.C. § 362(d)(3)?<br>☐ **Yes**<br>☐ **No**, but the Debtor will do so within 90 days after the commencement of this case. | ☐ Explain:<br><br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*            Page 10            F 2081-1.1.C11.STATUS.RPT

Continuation Page

**C. Consumers' Confidential Information**

       The Debtor's customers are primarily businesses/corporations. However, the Debtor does maintain a consumer mailing list for marketing purposes only that includes individuals' names, addresses and e-mail addresses. The Debtor does not foresee any reason why this information would be shared during its bankruptcy case with any party. If that changes due to circumstances in the Debtor's bankruptcy case, the Debtor will inform the Court forthwith.

| | |
|---|---|
| **E. SMALL BUSINESS** ☒ **Check here and <u>skip this section</u>** if (a) the Debtor is NOT a "small business debtor" (11 U.S.C. § 101(51D)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below). | |
| **1. Small Business Duty Compliance**<br>Has the Debtor complied with *all* the duties in 11 U.S.C. § 1116 (including but not limited to maintaining adequate insurance and filing its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return)?<br><br>☐ Yes | ☐ No (*explain*):<br><br><br><br>☐ See attached continuation page(s). |
| **2. United States Trustee Inspection**<br>Has the United States Trustee inspected the Debtor's books, records and business premises (per 11 U.S.C. § 1116(7))?<br><br>☐ Yes | ☐ No (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **3. United States Trustee Interview**<br>Has the Debtor completed the "initial debtor interview" with the United States Trustee (28 U.S.C. § 586(a)(7))?<br><br>☐ Yes | ☐ No (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **4. Report Scheduling**<br>What schedule does the Debtor propose for filing the "periodic financial and other reports" required by 11 U.S.C. § 308 (*e.g.,* monthly with MORs)? | ☐ Monthly<br>☐ Other (*explain*):<br><br>☐ See attached continuation page(s). |
| **5. Automatic Stay**<br>Is the automatic stay applicable?  *See* 11 U.S.C. § 362(n)(1) (which might eliminate the automatic stay if the Debtor was previously a small business debtor, or acquired substantially all of the assets or business of a small business debtor)?<br><br>☐ **Yes**, the automatic stay applies.<br><br>☐ **No**, the automatic stay does not apply, but the Debtor will seek relief under 11 U.S.C. § 362(n)(2). | ☐ No (*explain*):<br><br><br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                    Page 11                                                    **F 2081-1.1.C11.STATUS.RPT**

| | | |
|---|---|---|
| **F.** | **HEALTH CARE BUSINESS** ☒ **Check here and skip this section** if (a) the Debtor is NOT a "health care business" (11 U.S.C. § 101(27A)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below). | |
| 1. | **Patient Care Ombudsman** <br> Is appointment of a patient care ombudsman required (11 U.S.C. § 333)? <br> ☐ **No** | ☐ Yes (*explain*): <br><br><br> ☐ See attached continuation page(s). |
| 2. | **Costs of Patient Care or Transfer** <br> How will the Debtor arrange and pay for proper care or transfer of any patients, in the event that the Debtor's health care business is closed (*see* 11 U.S.C. § 704(a)(12), incorporated by 11 U.S.C. § 1106(a)(1))? | ☐ *Explain*: <br><br><br> ☐ See attached continuation page(s). |

| | | |
|---|---|---|
| **G.** | **EMPLOYEE BENEFIT PLANS** ☐ **Check here and skip this section** if there is NO employee benefit plan (per 11 U.S.C. § 704(a)(11), incorporated by 11 U.S.C. § 1106(a)(1))? | |
| 1. | **Debtor's Plan Duties** <br> Was the Debtor, or any entity designated by the Debtor, an "administrator" of such a plan as of the commencement of this case? <br> ☐ **No** | ☒ Yes (explain): <br> The Debtor's CFO Jeremy Husk is the trustee on the Debtor's 401(k) plan. <br> ☐ See attached continuation page(s). |
| 2. | **Plan Administration** <br> What steps will the Debtor take to continue to administer such plan (11 U.S.C. §§ 521(a)(7), 704(a)(11), 1106(a)(1))? | ☒ Explain: <br> The Debtor will continue to operate its 401(k) plan in the ordinary course of business. <br> ☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 12                                    **F 2081-1.1.C11.STATUS.RPT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
21650 Oxnard St., Suite 500, Woodland Hills, California 91367

A true and correct copy of the foregoing document entitled: **CHAPTER 11 STATUS REPORT (INITIAL)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 19, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jessica L Bagdanov    jbagdanov@bg.law, ecf@bg.law
- Howard Camhi    hcamhi@ecjlaw.com, tcastelli@ecjlaw.com;amatsuoka@ecjlaw.com
- Alan Craig Hochheiser    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- Dare Law    dare.law@usdoj.gov
- Susan K Seflin    sseflin@bg.law
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On February 19, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Office of the United States Trustee
Attn: Dare Law
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017-3560

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 19, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Email to Counsel for Wells Fargo: dfiorillo@otterbourg.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 19, 2019 | SUSAN K. SEFLIN | /s/ Susan K. Seflin |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**