NICHOLAS ROZANSKY – Bar No. 219855
SUSAN K. SEFLIN - Bar No. 213865
JESSICA L. BAGDANOV - Bar No. 281020
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sseflin@bg.law
    jbagdanov@bg.law

Attorneys for Plaintiff and Chapter 11
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:19-bk-10762-NB |
| KOI DESIGN LLC, | Chapter 11 |
| | Adv. Case No. 2:19-ap-_____-NB |
| KOI DESIGN LLC, | **COMPLAINT FOR AVOIDANCE OF JUDICIAL LIENS AND DECLARATORY RELIEF** |
| Plaintiff, | |
| v. | |
| STRATEGIC PARTNERS, INC., | |
| Defendant. | |

1

2102379

Koi Design LLC, the plaintiff and chapter 11 debtor and debtor in possession herein (the "Debtor"), hereby complains and alleges as against Strategic Partners, Inc. ("SPI" or the "Defendant") as follows:

## NATURE OF ACTION

1. This is an adversary proceeding brought pursuant to Title VII of the Federal Rules of Bankruptcy Procedure to avoid abstracts of judgment and judgment liens recorded against the Debtor during the 90-day preference period and for alternative declaratory relief.

2. To the extent that the Defendant and/or its assignees file a proof of claim or have claim(s) listed on the Debtor's schedules as undisputed, liquidated, and non-contingent, or has otherwise requested payment from the Debtor (collectively, "Claims"), this complaint (the "Complaint") is not intended to be, nor should it be construed as, a waiver of the Debtor's right to object to such Claims for any reason, including, but not limited to, any grounds set forth in sections 502(a) through (j) ("Section 502") of Title 11 of the United States Code ("Bankruptcy Code"), and any such rights are expressly reserved.

## STATEMENT OF JURISDICTION AND PROCEEDINGS

3. On January 25, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its financial affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in the Debtor's chapter 11 case.

4. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. §§ 157(b)(2)(F) and (K).

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to the Debtor's case under the Bankruptcy Code that is still pending.

6. The Debtor consents to final orders or judgment by the Bankruptcy Court.

## PARTIES

7. The Debtor brings this action in its capacity as the chapter 11 debtor and debtor in possession of this estate.

8. Defendant Strategic Partners, Inc. is a corporation organized under the laws of the State of California with its principal place of business in Chatsworth, California.

## GENERAL ALLEGATIONS

9. The Debtor and SPI are direct competitors in the clothing manufacturing industry.

10. On January 11, 2017, SPI filed a complaint (the "SPI Complaint") against the Debtor in the United States District Court for the Central District of California, commencing the action styled, *Strategic Partners, Inc. v. Koi Design LLC*, U.S.D.C. No. 17-cv-00236 TJH (GJSx) (the "Infringement Action"). By the SPI Complaint, SPI asserted claims for relief against the Debtor for, among other things, trademark infringement and intentional interference with prospective economic advantage.

11. The Debtor has, at all times, disputed all claims for relief asserted by SPI in the Infringement Action. Unfortunately, and as a direct result of numerous gross errors and intentional misconduct of the Debtor's former counsel in the Infringement Action, on August 10, 2018, the District Court entered default against the Debtor. Thereafter, and on October 4, 2018, the District Court entered default judgment against the Debtor and in favor of SPI for $5,266,380.68 (the "Default Judgment").

12. Prior to entry of the Default Judgment and on April 19, 2018, the District Court magistrate judge (the "Magistrate Judge") issued a minute order granting attorneys' fees and costs regarding discovery disputes in the Infringement Action, ordering the Debtor to pay SPI $21,886.60 in attorneys' fees and costs (the "Sanction Order").

13. SPI purported to enforce the Sanction Order against the Debtor's property as follows: (i) recordation of an Abstract of Judgment in the County of Los Angeles on October 30, 2018, bearing Instrument No. 20181101376, in the interest amount of $7,044.50 and attorneys' fees of $21,886.60 (the "Sanction Order Abstract"), and (ii) recordation of a Notice of Judgment Lien with the California Secretary of State on November 5, 2018, bearing Instrument No. 18-7681289535, in the amount of $28,931.10 (the "Sanction Order Judgment Lien").

14. SPI purported to enforce the Default Judgment against the Debtor's property as follows: (i) recordation of an Abstract of Judgment in the County of Los Angeles on October 30,

3

2018, bearing Instrument No. 20181101375, in the principal amount of $5,266,380.68 (the "Default Judgment Abstract" and collectively with the Sanction Order Abstract, the "Abstracts of Judgment") and (ii) recordation of a Notice of Judgment Lien with the California Secretary of State on November 5, 2018, bearing Instrument No. 18-7681285470, in the amount of $5,266,928.18 (the "Default Judgment Lien" and collectively with the Sanction Order Judgment Lien, the "Judgment Liens").

15. On November 2, 2018, the Debtor filed a Notice of Appeal of the Default Judgment before the Ninth Circuit Court of Appeals (the "Ninth Circuit"), commencing Case No. 18-56478 (the "Circuit Appeal").

16. On January 16, 2019, the Debtor filed an emergency motion for a limited remand in the Circuit Appeal, in order to file a motion to, among other things, vacate the default and the Default Judgment with the district court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

17. In less than a week after seeking expedited relief before the Ninth Circuit, on January 22, 2019, the Ninth Circuit issued an order granting the Debtor's request. The Ninth Circuit ordered that the Circuit Appeal be remanded to the district court for the limited purpose of enabling the Debtor to file and the district court to consider a Federal Rule of Civil Procedure 60(b) motion (the "Limited Remand").

18. On January 22, 2019, Koi filed its *Motion to Vacate Default and Default Judgment* with the district court (corrected on January 23, 2019 as Doc. #135 in the Infringement Action) (the "Motion to Vacate").

19. The Motion to Vacate has been fully briefed, and stands submitted to the District Court as of March 15, 2019. On April 23, 2019, the Magistrate Judge issued a report and recommendation (the "Report and Recommendation") in which the Magistrate Judge recommends denial of the Debtor's Motion to Vacate. The Debtor is submitting objections to the Report and Recommendation to be considered by the District Court. As of the filing of this Complaint, no ruling on the Motion to Vacate has been issued by the District Court.

2102379

20. Presently in the Circuit Appeal, on May 3, 2019 the Ninth Circuit entered an order extending the Limited Remand until July 2, 2019 to allow sufficient time for the District Court to issue its decision on the Motion to Vacate.

21. If the Motion to Vacate is granted and the Default Judgment is vacated (or alternatively, if the Debtor prevails on the Circuit Appeal), the Default Judgment Abstract and Default Judgment Lien must be released and/or expunged as void.

22. The Default Judgment and the recordation of the Default Judgment Liens resulted in Wells Fargo Trade Capital Services, Inc. ("Wells Fargo"), the Debtor's prepetition lender, sending the Debtor a Notice of Events of Default and Reservation of Rights letter dated December 11, 2018 (the "Default Letter") giving notice to the Debtor of its alleged default under the asset based loan (the "Wells Loan").

23. Under the terms of the Wells Loan, Wells Fargo directly received payments from the Debtor's customers via check to a Lock Box and the Debtor remitted receivables paid by credit card to Wells Fargo on a weekly basis. Wells Fargo advanced funds to the Debtor in its sole discretion. Because of the recordation of SPI's Judgment Liens, however, Wells Fargo ceased all advances to the Debtor as of December 20, 2018 and the Debtor was forced to seek bankruptcy protection to preserve its business and pay its employees.

24. As of November 5, 2018 (the date of recordation of the Judgment Liens against the Debtor), the Debtor's liabilities greatly exceeded its assets. The same is true at the time the Abstracts of Judgment were recorded, just six days earlier. At that time, the Debtor's assets were worth approximately $10 million, while the Debtor's liabilities were in excess of $15 million.

## FIRST CLAIM FOR RELIEF

### Avoidance and Recovery of Preferences Against the Defendant

### [11 U.S.C. §§ 544(b), 547; Fed. R. Bankr. P. 7001(2)]]

25. The Debtor refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. The Abstracts of Judgment and Judgment Liens constitute "transfers" as that term is used in section 547 of the Bankruptcy Code and as defined in section 101 of the Bankruptcy Code.

27. The Abstracts of Judgment and Judgment Liens were each recorded within the 90 days preceding the Debtor's bankruptcy filing.

28. The Abstracts of Judgment and Judgment Liens were obtained for or on account of an antecedent debt owed by the Debtor to SPI before the liens arose.

29. Enforcement of the Abstracts of Judgment and/or the Judgment Liens will enable SPI to receive more than it would receive as a creditor if this were a chapter 7 case, the liens had not been obtained and SPI received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

30. As of the dates of recordation of the Abstracts of Judgment and Judgment Liens and at all times relevant to this Complaint, the Debtor was insolvent (and is presumed to have been insolvent under the Bankruptcy Code).

31. For the foregoing reasons, pursuant to Sections 544(b) and 547(b) of the Bankruptcy Code, the Debtor may avoid each of the Abstracts of Judgment and Judgment Liens for the benefit of this estate.

## SECOND CLAIM FOR RELIEF

**Declaratory Relief Against the Defendant**

**[28 U.S.C. § 2201; Fed. R. Bankr. P. 7001(2)]**

32. The Debtor refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. An actual controversy exists between the Debtor, on the one hand, and Defendant SPI, on the other hand, as to the validity, priority, and extent of the Default Judgment Abstract and Default Judgment Lien.

34. In the event that the Debtor prevails on either its Motion to Vacate or the Circuit Appeal, the Default Judgment—the judgment underlying both the Default Judgment Abstract and Default Judgment Lien—will be void. Accordingly, both the Default Judgment Abstract and Default Judgment Lien would similarly be void and must be expunged.

35. Upon information and belief, SPI disputes the Debtor's contentions in this regard.

2102379

36.     Thus, the Debtor requests that, in the event the Default Judgment is vacated by either the District Court or Ninth Circuit, this Court enter a declaratory judgment that the Default Judgment Abstract and Default Judgment Lien are void and hereby expunged.

### **PRAYER FOR RELIEF**

WHEREFORE, the Debtor prays for judgment against the Defendant as follows:

1.      On the First Claim for Relief, (a) avoiding the Abstracts of Judgment and Judgment Liens described above, (b) discharging any property affected by the Abstracts of Judgment and/or Judgment Liens, and (c) directing SPI to make such conveyance, satisfaction or release as may be proper to evidence the avoidance of such lien of record;

2.      On the Second Claim for Relief, a declaration that, in the event the Default Judgment is vacated by either the district court or Ninth Circuit, the Default Judgment Abstract and Default Judgment Lien are void and hereby expunged;

3.      On All Claims for Relief, for costs of suit incurred herein; and

4.      On All Claims for Relief, for such other relief as the Court deems just and proper.

DATED: May 7, 2019                          BRUTZKUS GUBNER


By:     /s/ Susan K. Seflin
        Susan K. Seflin
        Jessica L. Bagdanov
        Attorneys for Plaintiff and Chapter 11 Debtor
        and Debtor in Possession